# IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| **CHARLES TONEY**, )<br>)<br>*Plaintiff,* )<br>v. )<br>)<br>**HAMILTON COUNTY, TENNESSEE** )<br>**SHERIFF JIM HAMMOND**, Individually )<br>and as an Employee or Agent of Hamilton )<br>County, TN )<br>**BLAKE KILPATRICK**, Individually )<br>and as an Employee or Agent of Hamilton )<br>County, TN )<br>**JOHN DOES I-X**, Individually and in their )<br>official capacity as Employees or Agents )<br>for Hamilton County, TN or any other )<br>unknown agency )<br>)<br>*Defendants,* ) | No. 1:19-cv-00342-HSM-CHS<br><br>Mattice/Steger<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND COUNTER-COMPLAINT OF DEFENDANT BLAKE KILPATRICK

Comes now Deputy Blake Kilpatrick (hereinafter "Kilpatrick") and for answer to the complaint filed against him would show to the court as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

With respect to the specific allegations of the Complaint, the Defendant responds as follows:

1. Kilpatrick admits that the Plaintiff has filed a lawsuit against him alleging various claims under federal law. The remaining allegations contained in paragraph 1 of the complaint are denied.

2. The allegations contained in paragraph 2 of the complaint are denied.

3. Kilpatrick is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 3 of the complaint and therefore denies same. Kilpatrick would allege that the Plaintiff has recently been a resident of the state of Georgia where he was imprisoned. Additionally, his probation may soon be revoked since numerous serious criminal charges are pending against the Plaintiff in Tennessee. Should this happen, he may be returned again to Georgia to serve more time on his felony convictions there. Therefore, the Plaintiff's residency is unclear.

4. The allegations contained in paragraph 4 of the complaint are admitted.

5. Kilpatrick admits that Hamilton County operates the Sheriff's Department pursuant to Tennessee law which created that office. Kilpatrick admits he was operating under color of law in the performance of his duties as to the events that occurred on December 3, 2018, in relation to the arrest of the Plaintiff. The remaining allegations contained in paragraph 5 of the complaint are denied.

6. The allegations contained in paragraph 6 of the complaint are admitted.

7. Kilpatrick is a resident of Meigs County, Tennessee. At the relevant times mentioned in this complaint, Kilpatrick was on-duty as a Hamilton County Sheriff's Deputy assigned to the United States Marshall's Service in conjunction with "Operation Triple Beam," which was a task force created to assist in the service of fugitive arrest warrants on persons who

were charged with serious felony offenses. The remaining allegations contained in paragraph 7 of the complaint are denied.

8. The allegations contained in paragraph 8 of the complaint do not require a response from Kilpatrick.

9. Kilpatrick admits he was acting in the course and scope of his employment as a Hamilton County Sheriff's Deputy during the relevant times alleged herein. The United States Marshal's Service had operational control over "Operation Triple Beam" and the persons present at the Plaintiff's arrest included United States Marshals, Deputies of the Hamilton County Sheriff's Office and at least one Officer from a local Police Agency. The remaining allegations contained in paragraph 9 of the complaint are denied.

10. Kilpatrick admits that jurisdiction exists in this court for this complaint.

11. Kilpatrick admits that venue is appropriate in this court for this complaint.

12. Kilpatrick is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 12 of the complaint, and therefore denies same.

13. The allegations contained in paragraph 13 of the complaint are admitted. It also appeared that the Plaintiff and his friend were smoking marijuana at the time.

14. Kilpatrick admits that "Operation Triple Beam" as previously described was tasked with the arrest of the Plaintiff on the date in question. The Plaintiff had outstanding warrants for his arrest based on indictments returned on October 3, 2018, by the Hamilton County Grand Jury for Possession of Cocaine for Resale (Class B Felony)[1], Possession of Oxycodone and Amphetamine for Resale (Class C felony), Possession of Marijuana for

---

[1] Tennessee Law designates felonies from Class A to Class E with the most serious starting at A and descending to E in order.

Resale (Class E Felony), Possession of Drug Paraphernalia (Class A Misdemeanor) and Possession of a Firearm during a Dangerous Felony (Class D felony). The remaining allegations in paragraph 14 of the complaint are denied.

15. Kilpatrick denies that the Plaintiff had any agreement to turn himself in voluntarily. District Attorney General Neal Pinkston has stated in writing that no such agreement for the Plaintiff to turn himself in had been reached with his office. The Marshal's Service only found the Plaintiff after actively searching for him for some days without success. The Plaintiff was located with the assistance of some of his neighbors who reported his presence to a tip line effectively alerting law enforcement to his presence at the location where he was arrested. The remaining allegations in paragraph 15 of the complaint are denied. Further, the statements contained in this paragraph are recklessly false and not made in good faith. These statements have been made at a press conference in Chattanooga by the Plaintiff's former counsel immediately after meeting General Pinkston some ten days after the Plaintiff's arrest when counsel could have easily checked the veracity of the claim that an agreement was reached with the District Attorney for the Plaintiff to turn himself in.

16. Kilpatrick admits that he and the other law enforcement officers on the task force present approached the Plaintiff with extreme caution. It is a matter of public record, for those who look, that the Plaintiff had been accused of violence and had a habit of carrying a weapon and resisting the lawful orders of law enforcement to stop. He has been accused of assaulting the mother of his child for letting the child's shoes get dirty.[2] On August 29, 2016, the Plaintiff refused the lawful attempts of Hamilton County Deputies Clift and

---

[2] General Sessions docket numbers 1669880, 1669881, 1669882.

Sampley to stop his vehicle and fled into north Georgia where he was stopped by Catoosa County law enforcement and found in the possession of cocaine, other Schedule I controlled substances, marijuana and a loaded handgun. He was charged with these offenses and these charges were pending when he was arrested on the charges noted in paragraph 14. It was a matter of public record that on October 23, 2017, when the Plaintiff was arrested on the charges noted in paragraph 14, the Chattanooga Police Department received a "shots fired" call to a residence where the Plaintiff resided. Upon arrival, two bullet holes were found in the front door, the door facing was smashed, and a front window was broken. Marijuana and a handgun were in plain view. The Plaintiff refused to cooperate with police and after a search warrant was obtained, other drugs were found in the house along with two other handguns hidden in the drywall. As to the arrest of the Plaintiff on December 3, 2018, Kilpatrick believes it is probable that all or some of the officers who attempted to apprehend the Plaintiff drew their weapons when they initially exited their vehicles. However, he cannot specifically recall if that is correct and, therefore, lacks sufficient information and knowledge to form a belief as to this allegation; Kilpatrick therefore denies same.

17. Kilpatrick admits that the man with the Plaintiff cooperated with law enforcement commands to lay on the ground and that he resisted in no way. Further, after he was patted down and no weapons were found on him, he was released completely unharmed. The Plaintiff was placed in handcuffs, arrested and placed in a police vehicle only after a confrontation of approximately twenty minutes during which time the Plaintiff actively resisted being searched and arrested. Plaintiff attempted to headbutt a United States Marshall, kicked Kilpatrick and other officers several times, repeatedly spit on any officer

that was near him, bit Kilpatrick on the finger and fought constantly for no apparent reason other than to contest his lawful arrest. After being placed in a vehicle, the Plaintiff then viciously kicked the door and windows of the vehicle apparently trying to break them. The remaining allegations contained in paragraph 17 are denied.

18. Kilpatrick admits the allegations contained in paragraph 18 of the complaint.
19. Kilpatrick denies the allegations contained in paragraph 19 of the complaint.
20. Kilpatrick denies the allegations contained in paragraph 20 of the complaint.
21. Kilpatrick admits that after a protracted struggle with the Plaintiff including multiple officers at the scene that the Plaintiff was handcuffed. The remaining allegations contained in paragraph 21 of the complaint are denied.
22. Kilpatrick admits that after the Plaintiff was handcuffed, he continued to resist being searched and arrested. More specifically, he resisted the officers' attempts to retrieve and identify the items in his pants pockets that looked suspiciously like weapons. As it turned out, the Plaintiff had one smart cell phone in one pocket and one flip phone in another pocket. These items were eventually taken from the Plaintiff's pockets after a long struggle. Kilpatrick admits that during this struggle the Plaintiff was placed on the hood of the closest vehicle in an attempt to search him on more than one occasion. The remaining allegations contained in paragraph 22 of the complaint are denied.
23. Kilpatrick denies the allegations contained in paragraph 23 of the complaint.
24. Kilpatrick admits that at some point in the attempt to search and subdue the Plaintiff that a knee was placed on the Plaintiff's back to control him so as to allow a search of his pockets and his arrest.

25. Kilpatrick admits that after being handcuffed, the Plaintiff continued to reach around his body and repeatedly try to reach into his pocket to the items contained therein. As to the remaining allegations contained in paragraph 25, Kilpatrick is without sufficient information and knowledge to form a belief as to the truth of these allegations and therefore denies same.

26. Kilpatrick denies the allegations contained in paragraph 26 of the complaint.

27. Kilpatrick admits that he struck the Plaintiff the area of his head only after the Plaintiff bit him on the finger. As an experienced law enforcement officer, Kilpatrick knows that people who are "living the street life" will use their diseases as a weapon against law enforcement by biting an officer or officers to pass along their disease. This is also why they spit upon officers. The blow was struck in self-defense to avoid further possible infection and to prevent the Plaintiff from biting anyone else who was trying to apprehend and search him. In fact, the Plaintiff admitted this when he advised jail personnel on December 3, 2018 that he had Hepatitis C during the medical intact procedure performed while he was being booked. The remaining allegations contained in paragraph 27 of the complaint are denied.

28. Kilpatrick admits he struck the Plaintiff in an attempt to subdue and allow his search to be completed so that the Plaintiff could be placed in a car and transported to jail. The remaining allegations contained in paragraph 28 of the complaint are denied.

29. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 29 and therefore denies same.

30. Kilpatrick admits that the Plaintiff was charged with assault, resisting arrest, and tampering with evidence. While handcuffed, the Plaintiff was able to break away from control and snatch the flip phone that had been taken from him and break it in half, apparently thinking

that this act would destroy its contents. Ultimately, law enforcement downloaded the SIM card from this phone finding evidence of drug transactions. The Plaintiff obviously resisted being searched because he intended to destroy this evidence all along. The remaining allegations contained in paragraph 30 of the complaint are denied.

31. Kilpatrick admits that the Hamilton County District Attorney dismissed the charges of resisting arrest, assault and tampering with evidence brought as a result of this incident. The charges that prompted the Plaintiff's arrest are presently pending in the Hamilton County Criminal Court in Division III before the Honorable Don Poole.[3] The remaining allegations contained in paragraph 31 of the complaint are denied.

32. Kilpatrick denies the allegations contained in paragraph 32 of the complaint.

33. Kilpatrick denies the allegations contained in paragraph 33 of the complaint.

34. Kilpatrick denies the allegations contained in paragraph 34 of the complaint.

35. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 35 and therefore denies same.

36. Kilpatrick denies the allegations contained in paragraph 36 of the complaint.

37. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 37 and therefore denies same.

---

[3] These charges are listed in paragraph 14 of this answer and carry docket numbers 305920, 305921 and 305959. The prosecution of these cases has been delayed by the Plaintiff's incarceration in the State of Georgia on the charges detailed in paragraph 16 of this answer. The Plaintiff plead guilty on March 8, 2019, to those charges in Catoosa County, Georgia, receiving a ten-year sentence on the drug charges and a five-year sentence on the gun charge to run consecutively to the drug charges for a total of fifteen years. His probation on these convictions was revoked on August 1, 2019, where he consented to the revocation of his probation and agreed to serve 90 to 120 days in a Detention Center and attend anger classes upon his release. The revocation is based on a charge of domestic vandalism in Tennessee where he is accused of breaking his girlfriend's cell phone. Those charges are also pending.

38. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 38 and therefore denies same.

39. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 39 and therefore denies same.

40. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 40 and therefore denies same.

41. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 41 and therefore denies same.

42. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 42 and therefore denies same.

43. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 43 and therefore denies same.

44. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 44 and therefore denies same.

45. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 45 and therefore denies same.

46. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 46 and therefore denies same.

47. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 47 and therefore denies same.

48. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 48 and therefore denies same.

49. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 49 and therefore denies same.

50. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 50 and therefore denies same.

51. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 51 and therefore denies same.

52. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 52 and therefore denies same.

53. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 53 and therefore denies same.

54. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 54 and therefore denies same.

55. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 55 and therefore denies same.

56. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 56 and therefore denies same.

57. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 57 and therefore denies same.

58. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 58 and therefore denies same.

59. Kilpatrick is without sufficient information and knowledge to form a belief as the allegations contained in paragraph 59 and therefore denies same.

60. Kilpatrick admits that an ex parte order of protection was issued but denies that any permanent order of protection was issued and asserts that the petition for an order of protection was dismissed. The remaining allegations contained in paragraph 60 of the complaint are denied.

61. Kilpatrick denies the allegations contained in paragraph 61.

62. Kilpatrick admits he was hired by Hamilton County as a Sheriff's Deputy. The remaining allegations contained in paragraph 62 of the complaint are denied.

63. Kilpatrick denies the allegations contained in paragraph 63.

64. Kilpatrick admits he was sued in approximately 2013 by Adam Wininger pro se. After Wininger was threatened with contempt by the Judge for failing to comply with court orders, the case was dismissed on a motion for summary judgment filed by Kilpatrick that Wininger did not even bother to respond to. The encounter with Wininger was captured on video in the jail and the description of it in this paragraph is scandalously false. The remaining allegations contained in paragraph 64 of the complaint are denied.

65. Kilpatrick admits he was not disciplined as none was warranted in that matter. The remaining allegations contained in paragraph 65 of the complaint are denied.

66. Kilpatrick admits he was sued in approximately 2018. The remaining allegations contained in paragraph 66 of the complaint are denied.

67. Kilpatrick admits that Sexton was stopped by other officers after a pursuit that lasted hours. During that pursuit Sexton threatened to kill himself repeatedly while on the phone with members of the HCSO crisis intervention team who pleaded with him to stop and surrender. Sexton brandished a handgun at officers pursing him during the chase. After Sexton's tires were spiked and flattened, he continued to drive down the interstate and he was forcedly

stopped by another officer hitting his truck. Kilpatrick was part of the pursuit for a short time but did not stop Sexton. The remaining allegations contained in paragraph 67 of the complaint are denied.

68. Kilpatrick admits that Sexton exited his vehicle with a handgun to his head and started walking away from officers, with his back to them, toward a heavily populated commercial area. Sexton ignored all commands to drop his weapon. The remaining allegations contained in paragraph 68 of the complaint are denied.

69. Kilpatrick admits that four County Deputies, not including him, fired upon Sexton after he lowered his weapon from his head and pointed it at Deputy Brevin Cameron as he turned. Kilpatrick did not arrive on the scene until these officers had fired. As Sexton was on the ground and reaching for his weapon ignoring all commands not to, Kilpatrick fired one shot at him. Kilpatrick admits that Sexton died of a number of the wounds he received that day according to the Hamilton County Medical Examiner. The remaining allegations contained in paragraph 69 of the complaint are denied.

70. Kilpatrick admits he was not disciplined as none was warranted. The remaining allegations contained in paragraph 70 of the complaint are denied.

71. Kilpatrick admits he has not been terminated. The remaining allegations contained in paragraph 71 of the complaint are denied.

72. Kilpatrick denies the allegations contained in paragraph 72.

73. Kilpatrick denies the allegations contained in paragraph 73.

74. Kilpatrick denies the allegations contained in paragraph 74.

75. Kilpatrick denies the allegations contained in paragraph 75.

76. Kilpatrick relies on the answers to the previous paragraphs referred to in paragraph 76 contained in this answer. The remaining allegations contained in this paragraph are denied.

77. Kilpatrick admits that he had a duty to avoid infliction of unjustified bodily injury to the Plaintiff. The remaining allegations contained in this paragraph are vague and unclear, and therefore, denied.

78. The statements contained in paragraph 78 do no require a response.

79. Kilpatrick admits the allegations contained in paragraph 79.

80. Kilpatrick denies the allegations contained in paragraph 80.

81. Kilpatrick is without sufficient information and knowledge to form a belief as to whether the Plaintiff was injured while being arrested and therefore denies these allegations. Kilpatrick denies the remaining allegations contained in paragraph 81.

82. Kilpatrick denies the allegations contained in paragraph 82.

83. Kilpatrick denies the allegations contained in paragraph 83.

84. Kilpatrick denies the allegations contained in paragraph 84.

85. Kilpatrick denies the allegations contained in paragraph 85. Kilpatrick denies that the Plaintiff is entitled to any damages of any type for any reason whether they be compensatory, punitive or otherwise.

86. Kilpatrick denies the allegations contained in paragraph 86.

87. Kilpatrick denies the allegations contained in paragraph 87.

88. Kilpatrick denies the allegations contained in paragraph 88.

89. Kilpatrick denies the allegations contained in paragraph 89.

90. Kilpatrick denies the allegations contained in paragraph 90. Kilpatrick denies that the Plaintiff is entitled to any damages of any type for any reason whether they be compensatory, punitive or otherwise.

91. Kilpatrick relies on the answers to the previous paragraphs referred to in paragraph 91 contained in this answer.

92. Kilpatrick denies the allegations contained in paragraph 92.

93. Kilpatrick denies the allegations contained in paragraph 93.

94. Kilpatrick is without sufficient information and knowledge to form a belief as to whether the Plaintiff was injured while being arrested and therefore denies the allegations contained in paragraph 94.

95. Kilpatrick denies the allegations contained in paragraph 95. Kilpatrick denies that the Plaintiff is entitled to any damages of any type for any reason whether they be compensatory, punitive or otherwise.

96. Any allegations contained in this complaint not specifically denied are hereby generally denied.

Now having answered the specific allegations contained in this complaint, the Defendant would incorporate all of those answers and his own factual allegations as if stated herein to these affirmative defenses.

### THIRD DEFENSE

The Defendant specifically asserts that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good-faith immunity from any of his actions in the reasonable performance of his duties as it relates to these Plaintiff.

## FOURTH DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, the defendant specifically asserts the defense of comparative negligence. The Defendant specifically asserts that the Plaintiff was guilty of comparative fault by persistently resisting being searched and arrested and that his fault constitutes 100% of the fault, thereby barring his claims as a matter of law.

## FIFTH DEFENSE

The Defendant denies that he deprived the Plaintiff of any of his constitutional rights or that in any way violated Title 42 U.S.C. § 1983 or of the United States Code, the United States Constitution, the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties in arresting the Plaintiff.

## SIXTH DEFENSE

The Defendant would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive contrary to the rights of the Plaintiff. Further, that no actions by the Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. The Defendant would show that there was no malicious or sadistic action by him, or any officer, and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by the Hamilton County.

## SEVENTH DEFENSE

Defendant asserts that his actions were objectively reasonable in connection with the attempt to arrest the Plaintiff on fugitive warrants for serious felony charges including possession of narcotics for resale and possession of a handgun while possessing said drugs in light of the Plaintiffs persistent resisting of arrest. The Defendant denies that he used any excessive force against the Plaintiff.

### EIGHTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in his official capacities as any action against him in his official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

### NINTH DEFENSE

In the alternative, the Defendant specifically assert all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, the Defendant relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

   i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

   ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of

process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

   iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

   iv. Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## TENTH DEFENSE

The Defendant in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## ELEVENTH DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

The Defendant is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

Now having fully answered the complaint filed against him, Kilpatrick requests same be dismissed with his costs. In the alternative, Kilpatrick demands that a jury be empaneled to try these issues when joined.

# COUNTER-COMPLAINT

Now having fully answered the complaint filed against him, Kilpatrick takes the role of a Counter-Plaintiff and files the following counter-complaint.

1. The Counter-Plaintiff incorporates all allegations contained in his answer as if fully stated herein.

2. During the lawful arrest of the counter-defendant (hereinafter referred to as "Toney"), Toney persistently resisted arrest for approximately twenty minutes. During this time Toney persistently resisted being searched to prevent the finding of a cellular flip phone that contained evidence of his drug dealing at a time when he had pending criminal felony charges of possession of scheduled narcotics and a handgun in both Catoosa County, Georgia and Hamilton County, Tennessee. These two sets of criminal cases arise from separate instances. His attempts to destroy this phone were in furtherance of his attempts to destroy evidence that could be used against him in those cases or new cases arising out of the evidence on that phone.

3. During the lawful arrest of Toney, Toney bit Kilpatrick on the finger intentionally trying to infect him with hepatitis C, which he knew he had, in violation of T.C.A. § 68-10-107. Toney admitted to medical personnel at the Hamilton County Jail on December 3, 2018, that he had hepatitis C and that he was bipolar. He also admitted that he was taking opioids that day. This is documented in jail records.

4. While on the telephone from the jail on December 3, 2018, he told one of his female friends he called that he had wrecked his "Razor" four-wheeler that morning before he

was arrested.4 In these calls with three different women, he is arranging to meet them after he is released. He is also captured on video in the jail walking and moving without any restrictions or restraint as one with broken ribs, a collapsed lung, and other serious injuries would move.

5. The complaint filed in this case alleges, among other things, false arrest. Kilpatrick was serving valid warrants for the arrest of Toney on him that day that were based on indictments handed down by the Hamilton County Grand Jury. This allegation is recklessly false. The complaint further asserts that Toney had an agreement to turn himself in and that his arrest was not necessary by the officers who took him into custody. Toney seems to be saying that he resisted for that reason. This claim is recklessly false. Toney claims he was injured during this encounter with Kilpatrick. This claim is recklessly false.

6. Counsel contends that this lawsuit is a subterfuge by Toney to avoid prosecution and punishment on the pending cases in the Hamilton County Criminal Courts, which could and most likely will result in revocation of his probation in Georgia and send him to prison to serve first his ten year sentence and then his five year sentence consecutive to the ten year sentence. In other words, he would have to complete the ten-year sentence without parole a possibility before his service of the five-year sentence would begin.5

7. Kilpatrick sues Toney for assault and battery for biting him. Kilpatrick has had to take regular blood test to determine if he has Hepatitis C, endure mental and physical stress as a result and pain and suffering from his injury to his finger. Kilpatrick sues Toney

---

4 Apparently, Toney was unaware that all calls into and out of the Hamilton County Jail by any inmate is recorded.
5 Prisoner slang for this situation is to "flatten" the ten-year sentence or serve it in its entirety.

for civil malicious prosecution and abuse of process for his actions in filing this lawsuit not for the reasons asserted but as a cover to avoid further lawful prosecution for his crimes which will result in service of lengthy prison sentences here and in Georgia. This renders Toney's lawsuit frivolous and in violation of Fed. R. Civ. P. 11.

8. Kilpatrick sues for compensatory damages, prejudgment interest and the costs of litigation for these causes of action in the amount of $250,000.00.

Respectfully submitted,

**TIDWELL AND ASSOCIATES, PC**

`

**W. Gerald Tidwell, Jr., BPR#10136**
P. O. Box 4369
Chattanooga, TN 37405
Phone: (423) 602-7511
Fax: (423) 602-7515
***Attorney for Defendant Blake Kilpatrick***
wgt@tidwellandassociates.com