| | |
|---|---|
| **CHARLES TONEY,** | ) |
|     **Plaintiff,** | ) |
| v. | ) |
| | ) No. 1:19-cv-00342-HSM-CHS |
| **HAMILTON COUNTY GOVERNMENT,** | ) |
| **SHERIFF JIM HAMMOND,** Individually and as an Employee or Agent of Hamilton County, TN, | ) Judge Mattice |
| **BLAKE KILPATRICK,** Individually and as an Employee or Agent of Hamilton County, TN, | ) Magistrate Judge Steger |
| **JOHN DOES I-X,** Individually and in their official capacity as Employees or Agents for Hamilton County, TN or any other unknown agency, | ) |
|     **Defendants.** | ) |

### ANSWER OF HAMILTON COUNTY, SHERIFF JIM HAMMOND, AND JOHN DOES I-X

Hamilton County Government ("Hamilton County" or "the County"), Sheriff Jim Hammond ("Sheriff Hammond"), and John Does I-X ("County Does") show the following in Answer to the Complaint (Doc. 1) against it:

### INTRODUCTION

1. Paragraph 1 of the Complaint is admitted as to the Plaintiff bringing this action. All allegations of wrongdoing by these Defendants, however, are denied.

2. Paragraph 2 of the Complaint is denied.

3. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 3 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by these Defendants, however, are denied.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is denied as stated. The Hamilton County Sheriff's Office is created by statutes enacted by the Tennessee legislature, and not Hamilton County, Tennessee. The allegation that the Hamilton County Sheriff's Office is "in the business of public safety" is a legal conclusion, to which no response is required. Without the aid of discovery, these Defendants can neither admit nor deny the remainder of Paragraph 5 of the Complaint and strict proof is demanded. All allegations of wrongdoing by these Defendants, however, are denied.

6. Paragraph 6 of the Complaint is admitted. All allegations of wrongdoing by these Defendants, however, are denied.

7. Paragraph 7 of the Complaint is admitted upon information and belief.

8. Paragraph 8 of the Complaint is denied.

9. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 9 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by these Defendants, however, are denied.

10. Paragraphs 10 through 12 of the Complaint are admitted. All allegations of wrongdoing by these Defendants, however, are denied.

11. Without the aid of discovery, these Defendants can neither admit nor deny Paragraphs 13 through 31 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by these Defendants, however, are denied.

12. Paragraphs 32 through 34 of the Complaint are denied. All allegations of wrongdoing by these Defendants, however, are denied.

13. <u>Paragraph 35</u> of the Complaint is admitted; however, the Plaintiff has taken the statement out of context. Further, the remarks were made on or about January 14, 2012, to the Brainerd Kiwanis Club, regarding dealing with gangs. At the same meeting, he further mentioned the need to prevent young people from getting into gangs in the first place.

14. <u>Paragraph 36</u> is denied as stated. Relative to the instant matter, the Sheriff made statements based on the information he had in his possession at the time. Any investigation by outside agencies is still pending. Other statements regarding Deputies Wilkey and Brewer are unrelated to this matter. Likewise, however, the statements made by Sheriff Hammond at the press conference scheduled by District Attorney General Neal Pinkston were made based on the information in his possession at that time. The Sheriff further stated that an Internal Affairs investigation was being conducted, and that he was committed to the transparency and accountability of the Sheriff's Office and its personnel.

15. <u>Paragraphs 38</u> through <u>41</u> of the Complaint contain conclusory allegations previously made in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations made in the previous matter either are mischaracterizations of events or are simply incorrect statements, which have been and are presently denied.

16. <u>Paragraphs 42</u> through <u>49</u> of the Complaint contain conclusory allegations previously made in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations either are mischaracterizations of events or

Page **3** of **9**
Case 1:19-cv-00342-MFL-CHS   Document 20   Filed 03/09/20   Page 3 of 9   PageID #: 83

are simply incorrect statements, which have been and are presently denied. Additionally, criminal prosecutions are handled by the State of Tennessee over which Hamilton County has no control. In further response, Hendrix' death occurred as the result of his failure to comply with law enforcement commands.

17. No response is required of these Defendants to Paragraphs 50 through 58 of the Complaint. All allegations of wrongdoing by these Defendants, however, are denied.

18. Paragraph 59 of the Complaint is denied.

19. Paragraphs 60 and 61 of the Complaint are denied in that they state conclusory allegations based upon newspaper accounts that are incomplete. All allegations of wrongdoing by these Defendants, however, are denied.

20. Paragraphs 62 and 63 of the Complaint are denied as stated.

21. Paragraphs 64 through 70 are denied as stated. Although the other matter is the subject of pending civil litigation, each of the Defendants in that matter have filed motions for summary judgment. Further, Deputy Kilpatrick was exonerated by the Tennessee Bureau of Investigation., and it was further determined that he had not violated any policies or procedures of the Hamilton County Sheriff's Office.

22. Paragraphs 71 and 72 of the Complaint are denied.

23. Paragraph 73 of the Complaint contains legal conclusions to which no response is required. All allegations of wrongdoing by these Defendants, however, are denied.

24. Without the aid of discovery, these Defendants can neither admit nor deny Paragraphs 74 and 75 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by these Defendants, however, are denied.

25. No response is required of these Defendants to Paragraphs 76 through 85 of the Complaint. All allegations of wrongdoing by these Defendants, however, are denied.

26. No response is required of these Defendants to the demand paragraph following Paragraph 85 of the Complaint. All allegations of wrongdoing by these Defendants, however, are denied.

27. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 86 of the Complaint and strict proof is demanded. All allegations of wrongdoing by these Defendants, however, are denied.

28. Paragraphs 87 through 90 and the demand paragraph following Paragraph 90 of the Complaint are denied.

29. No response is required of these Defendants to Paragraph 91 of the Complaint. All allegations of wrongdoing by these Defendants, however, are denied.

30. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 92 of the Complaint. All allegations of wrongdoing by these Defendants, however, are denied.

31. Paragraph 93 of the Complaint states a legal conclusion to which no response is required. All allegations of wrongdoing by these Defendants, however, are denied.

32. Without the aid of discovery, these Defendants can neither admit nor deny Paragraph 94 of the Complaint. All allegations of wrongdoing by these Defendants, however, are denied.

33. Paragraph 95 of the Complaint and the demand paragraph following Paragraph 95 of the Complaint are denied.

34. Without the aid of discovery, these Defendants can neither admit nor deny the following unnumbered statement: "Defendant[]s John Does I-X failed to comply with these constitutional duties when they either participated and/or failed[.]" All allegations of wrongdoing by these Defendants, however, are denied.

35. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied.

**AFFIRMATIVE DEFENSES**

36. The Complaint fails to state a claim and/or cause of action against Hamilton County upon which relief can be granted.

37. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, *Tenn. Code Ann.* § 29-20-101, *et seq.*, ("GTLA") and these Defendants are entitled to all defenses, immunities, and protections of said Act.

38. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

39. To the extent that any state law claims are alleged in the Complaint, these Defendants state that the Plaintiff's actions constitute comparative fault, which either entirely bars recovery from Hamilton County or reduces any recovery against the County commensurate with the comparative fault of the Plaintiff.

40. To the extent that any state law claims are alleged in the Complaint, these Defendants further state that, relative to the Plaintiff's claims under GTLA, a jury trial is not applicable.

41. These Defendants acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiffs harm.

42. Any liability of these Defendants for punitive damages is denied and is limited by the Due Process Clause of the United States Constitution.

43. The Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

44. The Plaintiffs' claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

45. Hamilton County was not deliberately indifferent.

46. To the extent that the Plaintiffs raise a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

47. The Hamilton County Sheriff's Office appoints only individuals who meet the minimum qualifications for police officers found in *Tenn. Code Ann.* § 38-8-106.

48. Hamilton County asserts an intent to seek attorney fees and costs of litigation as to claims made against it by Charles Toney as a prevailing party pursuant to *F.R.Civ.P.* 54.

49. Sheriff Jim Hammond asserts an intent to seek attorney fees and costs of litigation as to claims made against him by Charles Toney as a prevailing party pursuant to *F.R.Civ.P.* 54.

50. John Does I-X assert an intent to seek attorney fees and costs of litigation as to claims made against them by Charles Toney as a prevailing party pursuant to *F.R.Civ.P.* 54.

51. Sheriff Hammond asserts an intent to seek attorney fees and costs of litigation as to claims made against him by Charles Toney as a prevailing party pursuant to *Tenn. Code Ann.* § 29-20-113(a).

52. John Does I-X assert an intent to seek attorney fees and costs of litigation as to claims made against him by Charles Toney as a prevailing party pursuant to *Tenn. Code Ann.* § 29-20-113(a).

53. These Defendants are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend its Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fully answered, these Defendants pray that they be dismissed with costs assessed against the Plaintiff.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: s/*Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                         *s/Sharon M. Milling*