UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **CHARLES TONEY**, | )<br>) |
| *Plaintiff*, | )<br>) |
| v. | )<br>) |
| **HAMILTON COUNTY, TENNESSEE** | ) |
| **SHERIFF JIM HAMMOND**, Individually | )  No. 1:19-cv-00342-MFL-CHS |
| and as an Employee or Agent of Hamilton | ) |
| County, TN | )  **Leitman/Steger** |
| **BLAKE KILPATRICK**, Individually | ) |
| and as an Employee or Agent of Hamilton | )  **JURY TRIAL DEMANDED** |
| County, TN | ) |
| **JOHN DOES I-X**, Individually and in their | ) |
| official capacity as Employees or Agents | ) |
| for Hamilton County, TN or any other | ) |
| unknown agency | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS

**COMES NOW** Deputy Blake Kilpatrick ("Kilpatrick") and submits the following Memorandum of Law in Support of his Motion to Stay Proceedings and/or in the alternative reset the Scheduling Order until the conclusion of the referenced federal criminal investigation/proceedings for which Kilpatrick is a criminal target.

While Kilpatrick expects that a pending criminal investigation by the Federal Bureau of Investigation ("FBI") and Department of Justice ("DOJ") will exonerate him of any wrongdoing, the current state of the law does not allow him to engage in giving his deposition in this lawsuit without jeopardizing his constitutional rights. Clear precedent, discussed in this Memorandum, permits this Court to stay this civil action as to Kilpatrick's deposition or further discovery from him until the criminal investigation concludes. (See FTC v. EMA Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014), holding that a court may stay a civil matter while a parallel criminal matter is

ongoing; Eastwood v. United States, 2008 U.S. Dist. LEXIS 106777, *10 (E.D. Tenn. Nov. 14, 2008), stating that "a pre-indictment stay of civil case that relates to a pending criminal investigation may be granted if the government is conducting an active parallel investigation"; Gifford v. Hall, 2013 U.S. Dist. LEXIS 83220, *2 (M.D. Tenn. 2013) stating that it is "in the best interest of the parties, the Court, and the public" to resolve a criminal matter before a civil lawsuit proceeds when the issues in the criminal and civil matter overlap).

## FACTS

The present matter was initiated by Complaint on December 2, 2019. (Doc. 1). In his Complaint, Plaintiff alleges federal excessive force violations and state assault and battery claims relative to his December 3, 2018, arrest by Kilpatrick. (Doc. 1, Page ID## 11-15). Plaintiff seeks compensatory damages in the amount of two hundred and fifty thousand dollars ($250,000), as well as, punitive damages from Kilpatrick. (Id.) On January 30, 2020, Kilpatrick answered and counterclaimed alleging assault and battery for physical injury and civil malicious prosecution and abuse of process for the filing of the lawsuit. (Doc. 13, Page ID## 61-63). Kilpatrick seeks compensatory damages, prejudgment interest, and litigation costs in the amount of two hundred and fifty thousand dollars ($250,000) from Plaintiff. (Id. # 63).

As it relates to the current motion, the following facts may be deemed relevant and appropriate for reference:

 On December 10, 2018, the Hamilton County District Attorney's Office announced in a press release that the Office contacted the Department of Justice to look into the actions of Kilpatrick in this matter. In early 2019, Counsel learned FBI agents had interviewed witnesses and reviewed videotape regarding this matter as part of a criminal investigation. After this lawsuit was filed in December of 2019, counsel was aware that no Special Agent or any other law enforcement officer had attempted to interview Kilpatrick as part of this investigation. At that time, counsel was

unaware of whether the investigation was ongoing or finished. On May 20, 2020, Counsel sought to subpoena FBI investigative reports in connection with any investigation of Kilpatrick. Attached hereto is the subpoena and Touhy Affidavit. (Ex. 1) Counsel learned via email from the Department of Justice that the agency considered the Kilpatrick matter to be an ongoing investigation. (Exhibits 2). On or about July 31, 2020, the Department of Justice notified Counsel that Kilpatrick was an identified target in a criminal investigation of the Plaintiff's arrest, the circumstances of which form the basis of the allegations in the complaint.

## LAW AND ARGUMENT

### An Order Staying this Proceeding is Necessary to Safeguard Kilpatricks' Constitutional and Procedural Rights

Although the U.S. Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings, it is well-settled that a court has the discretionary authority to stay a case if the interest of justice so require. United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970); FTC v. EMA Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir.) (en banc), cert. denied, 449 U.S. 993 (1980)[1] A court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interest of justice seem to require such action, sometimes at the request of the prosecution, sometimes at the request of the Kilpatrick. Kordel, 397 U.S. at 12, n. 27; see also Dresser, 628 F.2d. at 1375; Eastwood, 2008 U.S. Dist. LEXIS at *3. Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege, expose

---

[1] The Dresser Court also stated that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." 628 F.2d at 1375-76. However, the fact that an indictment has not yet been returned "does not make consideration of the stay motion any less appropriate." Brock v. Talkow, 109 F.R.D. 116, 1189 n.2 (E.D.N.Y. 1985); see also, Eastwood, supra, at *11; S.E.C. v HealthSouth Corp., 261 F.Supp.2d 1298, 1326 (N.D. Ala. 2003); FDIC v. Tabb, 1991 U.S. Dist. LEXIS 7935, at *3 (N.D. Ill. June 7, 1991).

the defense's theory to the prosecution in advance of criminal trial, and otherwise prejudice a criminal case. Eastwood, supra, at *15, quoting, Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., 886 F. Supp. 1134 (S.D.N.Y. 1995))

In deciding whether to stay a civil case in the face of parallel criminal proceedings, courts consider the particular circumstances and competing interests involved in the case. In Re Tower Metal Alloy Co., 188 B.R. 954, 956 (S.D. Ohio 1995). Factors considered and balanced by courts include:

1. The extent to which the issues in a criminal case overlap with those presented in the civil case;
2. The status of the case, including whether the defendant has been indicted;
3. The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
4. The private interests of and burden of the defendant;
5. The interests of the courts; and
6. The public interest.

FTC, 767 F.3d at 627. In addition, the courts must consider "the extent to which the defendant's Fifth Amendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." Id. at 627-28.

1. **Civil and Criminal Overlap**

The similarity of the issues underlying the civil and the criminal proceedings is considered the most important threshold issue in determining whether or not to grant a stay because "[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay." Vision Real Estate Inv. Corp. v. Metro. Gov't of Nashville, 2019 U.S. Dist. LEXIS 224161, at *5 (M.D.

Tenn. Dec. 16, 2019) (citation omitted); see also Eastwood, 2008 U.S. Dist. LEXIS 106777, at *5. Conversely, the existence of substantial issue overlap supports the grant of a stay.

Here, there is 100% overlap between the civil and criminal factual allegations. The two matters concern precisely the same pattern of conduct, and the same criminal target, *i.e.,* Kilpatrick. It is clear that the civil allegations of excessive force and assault and battery in the Complaint arise out of the same facts and circumstances giving rise to the criminal investigation. Although there has been no indictment returned, the District Attorney's public statements, the FBI witness interviews, the DOJ's identification to counsel of Kilpatrick as a target, the federal authorities' review of videotape capturing the incident, all support the conclusion that an active investigation is underway. As such, Kilpatrick is at risk of criminal indictment and being subject to cross-examination by way of a deposition enhances that risk should he waive his Fifth Amendment privilege and testify at deposition.

Tennessee courts ruled on such a situation before, and held in Gifford v. Hall, 2013 U.S. Dist. LEXIS 83220, *2 (M.D. Tenn. 2013) that it was "in the best interest of the parties, the Court, and the public" to resolve the criminal matter before taking up the civil lawsuit since the issues in the criminal and civil matter overlapped. Id.

Likewise, in this matter, the overlap of the issues is not merely peripheral, but is identical, warranting a stay of the civil proceedings in the best interest of the public, particularly given the prejudice resulting to Kilpatrick's constitutional rights. It is also in the court's best interest as a resolution of the criminal charges could have a profound bearing on the civil case and result in a tremendous saving of judicial resources. Resolution of the criminal case could obviously facilitate a settlement in this matter.

## 2. Status of Case

The second factor addresses the status of the criminal proceeding. In this matter, there has been no indictment against Kilpatrick. There is, however, an active parallel criminql investigation by the FBI and the U S. Attorney's Office..

The distinction between an indictment and an investigation is of no moment. In <u>Eastwood</u>, the Court held "that a pre-indictment stay of a civil case that relates to a pending criminal investigation may be granted if the government is conducting an active parallel investigation." 2008 U.S. Dist. LEXIS 106777, at *11. The Court, analyzing the factors set forth in <u>FTC</u>, concluded that an investigation was just as dangerous to a defendant as was an indictment, stating, "[p]ublic policy supports the grant of a stay of civil proceedings where a criminal investigation is pending, even in the absence of any evidence of bad faith on the government's part." <u>Id</u>., at *17.

## 3. Private Interests of the Plaintiff

The third factor is that of the interests of the Plaintiff. While there is no doubt a plaintiff has a private interest in the speedy resolution of a civil action, to which a court cannot discount or take lightly. <u>Eastwood,</u> supra, at *11, citing, <u>United States v. U.S. Currency,</u> 626 F.2d 11, 18 n.1 (6th Cir. 1980). However, "that right may be trumped by instituting a stay to allow a criminal investigation to proceed." <u>Id.</u> at *11-12. The right may also be trumped to avoid the quandary faced by a defendant in choosing between waiving his Fifth Amendment rights or effectively forfeiting the civil case. <u>Id.</u> at 12. The monetary judgment sought in this lawsuit does not outweigh the interests of Kilpatrick and his rights. If forced to choose between the rights to defend, the Kilpatrick would have to forfeit one set of rights.

In addition, there are speedy trial rules in the criminal case that should prevent any undue delay. See 18 U.S.C. §§ 3161 Et seq. The court naturally has the right at any time to revisit these issues if the potential impact upon the Plaintiff should change.**4. Burden on Defendant**

Clearly, the burden on Kilpatrick is extreme if he is forced to give a deposition in this civil action, thus adversely affecting his constitutional and procedural rights, as well as his ability to defend against the accusations set forth in the Complaint. [2]

As alluded to prior, a civil defendant subject to a criminal indictment or investigation must often choose between waiving his Fifth Amendment right during civil discovery or losing the civil case. Id., at *12 (internal citation omitted). On the one hand, if the defendant asserts his Fifth Amendment privilege against self-incrimination, the fact finder in the civil proceeding may draw adverse inferences and find the defendant civilly liable based upon silence rather than the merits of the civil claims, effectively punishing a defendant for exercising his constitutional rights. Hoxie v. DEA, 419 F.3d 477, 483 (6th Cir. 2005), citing Baxter v. Palmigiano, 425 U.S. 308, 319, 96 S. Ct. 1551, 47 L.Ed.2d 810 (1976) ("a negative inference can be drawn from a failure to testify in civil proceedings, and [ ] drawing such an inference violates neither the Fifth Amendment nor Due Process"); see also SEC v. AIC, Inc., 2013 U.S. Dist. LEXIS 191621, *7 (E.D. Tenn. 2013). On the other hand, if the defendant does not assert his Fifth Amendment privilege, any responsive discovery to any of the allegations in the Complaint may be used against the defendant during either the investigative phase of the criminal matter or during any potential subsequent criminal proceedings.

In addition, should the Court allow this civil action to move forward, it might expand "'criminal discovery beyond the limits set forth in the Federal Rules of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise

---

[2] Kilpatrick has answered interrogatories in this case. Counsel for Kilpatrick has cooperated with the Department of Justice by providing information to the Assistant United States Attorneys overseeing this case. Kilpatrick has given an unrecorded and unsworn statement to the Federal Bureau of Investigation. Counsel notes this so the court is aware of these events. Counsel would further note that a statement to the FBI of about two hours where is free to leave and not under oath is significantly different than a deposition under oath in a clearly adversary situation that could last per the rules for seven hours or longer. Counsel contends that the danger to Kilpatrick's rights still is clear and present even under these circumstances.

prejudice the case.'" Vision Real Estate Inv. Corp., supra, at *6.; Rothstein v. Steinberg, 2008 U.S. Dist. LEXIS 107989, at *8 (N.D. Ohio Dec. 23, 2008). As a result, parallel civil and criminal proceedings may result in an abuse of discovery. Dresser, supra; Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1203 (Fed. Cir. 1987). Unlike Criminal Rule 16's highly restrictive discovery, civil discovery is broad and requires almost full disclosure of all evidence prior to trial. As a result, this Court has "a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in a related criminal matter." Id. (internal citation and quotation marks omitted); Afro-Lecon, Inc, 820 F.2d at 1203 ("[t]he broad scope of civil discovery may present to both the prosecution, and at times the criminal defendant, an irresistible temptation to use that discovery to one's advantage in the criminal case.").

The hardship could even be greater or more complicated where an indictment has yet to be handed down by a grand jury investigating a parallel matter. Because of grand jury secrecy rules, civil counsel for a defendant is prevented from knowing the specifics of a grand jury investigation. Eastwood, supra, at *12., citing, United States v. Sells Engineering, Inc., 463 U.S. 418, 427 (1983). In such instances, potential witnesses who have not been specifically identified as a "target" of a grand jury investigation could inadvertently waive their Fifth Amendment privilege. Id. at 13, *quoting,* United States v. Scrushy, 366 F. Supp. 2d 1134, 1139 (N.D. Ala. 2005) ("When a defendant *knows* that he has been charged with a crime, or that a criminal investigation has targeted him, he can take actions to prevent the providing of information in an administrative or civil proceeding that could later be used against him in the criminal case. When a defendant does not know about the criminal investigation, the danger of prejudice increases.") Because of the unknown surrounding of a grand jury investigation, witnesses may opt to invoke their Fifth Amendment privilege, preventing a plaintiff from meeting his burden, or prohibiting a defendant from fully defending against the civil complaint. Id. at 13.

Kilpatrick should not have to pick and choose which of the rights that he wants to exercise, and should be afforded all rights guaranteed against any type of self-incrimination and the rights to defend himself in a civil action. Though not under indictment, Kilpatrick currently faces an investigation which could theoretically lead to criminal indictment. Forcing him to give a discovery deposition, would compromise his rights guaranteed under the United States Constitution. The only way to ensure preservation of his rights in their entirety is to suspend these proceedings until the federal investigation is complete and there is not threat of criminal sanction against Kilpatrick.

5. **Judicial Economy**

As it relates to the fifth factor, this Court has an interest in staying these proceedings due to the fact that it will promote judicial efficiency and should negate the need for multiple hearings on discovery matters. In Maloney v. Gordon, 328 F. Supp. 2d 508, 513, (D. DE, 2014), the Court held that a stay of a parallel civil matter "obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case." Id., 513. Therefore, staying this matter now prevents the issue from reasserting itself every time a party to this litigation attempts to force Kilpatrick to respond to interrogatories or be deposed. Issuing a stay at this time is the most efficient use of the Court's time, and serves to promote judicial economy.

Moreover, resolution of the criminal case may lead to the dismissal or settlement of the instant case..

### VI. Public Interest

The final factor weighs the public's interest in staying these proceedings. The public's interest is best served by staying these proceedings, as such guarantees Kilpatrick's rights and the public's strong interest in a fair and just criminal proceeding. In <u>Javier H. v. Garcia-Botello</u>, 218 F.R.D. 72 (W. D. NY, 2003), the court stated that the "public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." <u>Id</u>., 75.

If the civil and criminal matter run concurrently, it will require Kilpatrick to essentially fight a war on two fronts, with differing standards on what can be asked and admitted in a criminal and civil case. Such places Kilpatrick in the position of having to sacrifice one case to potentially gain in another case. Such should not be the standard especially when there is not threat of harm to this Plaintiff.

Therefore, in order to preclude the Kilpatrick from having to pick and choose defenses, this Court should stay the proceedings until such time as the FBI and Department of Justice conclude their investigation. This serves not only Kilpatrick's interests, but interests of the public at large. The public will thus have confidence that the judicial system does not require Kilpatrick to compromise his constitutional rights against self-incrimination due to a civil lawsuit brought against him during the pendency of a criminal investigation and potential prosecution.

### CONCLUSION

**WHEREFORE**, in consideration of the above, as the Court controls its docket and the proceedings in this matter, and there is no threat of loss or harm to the Plaintiff, Kilpatrick respectfully requests that this Court stay the deposition of Kilpatrick in this matter until such time as the parallel criminal case has been resolved. In the alternative, Kilpatrick ask that his deposition be delayed until a set time selected by the court to check the status of the investigation and

determine whether a further stay is appropriate. Further, any adjustment the Court deems appropriate to the scheduling order is requested, especially as to the discovery cut off deadline.

Respectfully submitted,

**TIDWELL AND ASSOCIATES, PC**

*W. Gerald Tidwell*
**W. Gerald Tidwell, Jr., BPR#10136**
P. O. Box 4369
Chattanooga, TN 37405
Phone: (423) 602-7511
Fax: (423) 602-7515
***Attorney for Defendant Blake Kilpatrick***
wgt@tidwellandassociates.com