UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHARLES TONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00342-MFL-CHS |
| | ) | |
| HAMILTON COUNTY, TENNESSEE; | ) | |
| SHERIFF JIM HAMMOND, individually | ) | |
| And as an Employee or Agent of Hamilton | ) | |
| County, TN; BLAKE KILPATRICK, | ) | |
| Individually and as an Employee or | ) | |
| Agent of Hamilton, County, TN; | ) | |
| and JOHN DOES I-X, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Blake Kilpatrick's Motion to Stay Proceedings [Doc. 47] and Defendant Blake Kilpatrick's Motion for a Discovery Status Conference with Magistrate Judge Steger [Doc. 51].

Defendant Kilpatrick is currently under federal investigation for events giving rise to this civil lawsuit. Kilpatrick asks the Court to stay this action and, in particular, to stay discovery related to him until the investigation is complete. For the following reasons, this motion will be **DENIED WITHOUT PREJUDICE**; however, the discovery deadline will be extended.

I. Background

Plaintiff commenced this action on December 12, 2019, alleging that Kilpatrick, a deputy with the Hamilton County Sheriff's Department, physically beat Plaintiff during an arrest without provocation and while Plaintiff was not resisting arrest. [Complaint ¶¶ 17-28]. Plaintiff alleges that he suffered broken ribs, a broken nose, a broken finger, and a collapsed lung in the attack. [*Id*. at 29]. Plaintiff has brought two claims against Kilpatrick, *to wit*, a claim under 42 U.S.C. § 1983 for

excessive force in violation of the Fourth Amendment, and a second claim for assault and battery under Tennessee common law. Plaintiff has also sued Hamilton County under Section 1983 alleging, *inter alia*, that Hamilton County has engaged in a pattern and practice of permitting deputies to engage in excessive force and discrimination against black citizens. Plaintiff further alleges that Hamilton County is liable to him for Kilpatrick's assault and battery under Tenn. Code Ann. § 8-8-302.

Defendant Kilpatrick is under investigation by the Department of Justice. Kilpatrick contends that discovery in this case—particularly discovery relating to him—should be stayed pending the resolution of the federal criminal investigation. He argues that failure to stay discovery relating to him "would undermine Kilpatrick's Fifth Amendment privilege against self-incrimination, expand rights of discovery beyond the limits of Fed. R. Crim. P. 16, and expose the basis of Kilpatrick's defense to the prosecution in advance of any trial." [Doc. 47, Kilpatrick's Motion to Stay at 2]. Defendant Kilpatrick further argues that a delay would not seriously jeopardize the public interest or prejudice Plaintiff's action. *Id.*

## II. Standard of Review

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the district court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). Accordingly, district courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* at 627 (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). Nevertheless, "[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy," and "nothing in the Constitution

requires a civil action to be stayed in the face of a pending or impending criminal indictment." *Id.* (citations and internal quotation marks omitted). District courts considering a stay of civil proceedings look at the following factors: (1) "the extent to which the issues in the criminal case overlap with those presented in the civil case"; (2) "the status of the case, including whether the defendants have been indicted"; (3) "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay"; (4) "the private interests of and burden on the defendants"; (5) "the interests of the courts"; and (6) "the public interest." *Id.* The balance of these factors is the most important consideration; however, courts also consider "the extent to which the defendant's fifth amendment rights are implicated" and "whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* at 627–28 (citations omitted). The party seeking the stay bears the burden of showing "pressing need for delay" and "neither the other party nor the public will suffer harm from entry of the order." *Id.*

### III. Analysis

Based on the Court's analysis of the factors and other considerations, described below, Kilpatrick has not met his burdens of showing "pressing need for delay." *See id.*

#### A. Overlap of the Issues

Other district courts have acknowledged that the first factor—the extent to which the civil and criminal issues overlap—is the most important factor, because the degree of overlap tends to correlate with the danger of self-incrimination. *Chao*, 498 F. Supp. 2d at 1039 (quoting *Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998)); *see also Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.").

Here, the overlap of the issues involving Defendant Kilpatrick is significant. The events giving rise to this action and the events which are the subject of the federal investigation are the same. However, Plaintiff's allegations concerning Defendant Hamilton County's decisions and failure to supervise its employees are not completely related to the criminal charges against Kilpatrick. More specifically, Plaintiff refers to incidents involving deputies other than Kilpatrick as evidence of a pattern or practice by Hamilton County to allow its deputies to use excessive force and to discriminate against black citizens. Discovery related to this alleged pattern and practice would not overlap with the current federal criminal investigation of Kilpatrick. The factual overlap between the federal investigation and Plaintiff's claims against Kilpatrick does weigh in favor of a stay; however, the lack of overlap regarding Plaintiff's claims against Hamilton County weighs against a stay.

### B. Status of the Case

"[T]he case for a stay is strongest where the defendant has already been indicted[.]" *Chao*, 498 F. Supp. 2d at 1037. This is so for two reasons:

> first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*F.T.C.*, 767 F.3d at 628 (citations omitted). Conversely, "courts generally do not stay proceedings in the absence of an indictment." *Id.* In this case, Kilpatrick has not been indicted. This factor weighs against granting a stay.

### C. Private Interests of Plaintiff

The third factor "involves balancing a plaintiff's interest in proceeding expeditiously against the prejudice that a delay would cause." *In re Flint Water Cases*, No. 5:16-cv-10444, 2019 WL 5802706, at *3 (E.D. Mich. Nov. 7, 2019). Delay is particularly harmful to a plaintiff when

4

the risk of spoliation of evidence, failed memories, or witness unavailability is high. *See id.*; *cf. Coats v. Grand Blanc Cmty. Schs.*, No. 18-CV-12162, 2018 WL 6321916, at *2 (E.D. Mich. Dec. 3, 2018) (finding no prejudice to other parties where the stay requested would lift months before the close of discovery). Plaintiff has an interest in having his claims resolved expeditiously, and he would be prejudiced by the long delay that would likely result from granting a stay of proceedings. This factor weighs against a stay of this action.

### D.      Private Interests of Defendant

The fourth factor concerns the defendant's private interests and the burden on the defendant of simultaneously defending civil and criminal cases. *See F.T.C.*, 767 F.3d at 627. As previously discussed, Kilpatrick has not even been indicted yet—assuming for purposes of argument that he will be indicted. *See id.* at 629 (observing that Fifth Amendment concerns are "not very compelling" when there is no indictment). Further, this Order does not prohibit Kilpatrick from invoking his Fifth Amendment rights where appropriate in this case. Should Kilpatrick be indicted for the events giving rise to this civil action, Defendant Kilpatrick may renew his motion to stay for consideration of the Court. This factor leans neither for nor against a stay of this case.

### E.      Interests of the Court

The Court has an interest in efficiently managing its docket and resolving the cases before it. *See Chao*, 498 F. Supp. 2d at 1040. It is the Court's understanding that there are multiple witnesses in this case, and extensive discovery of these witnesses can be conducted without jeopardizing Kilpatrick's Fifth Amendment right to remain silent. The Court can see no reason not to proceed with this discovery while memories are fresh and documentary evidence, if any, can be found. This factor weighs against a stay of this action.

### F. Public Interest

The public interest in resolving Plaintiff's claims is also significant. While the public's interest is relatively low in many civil cases, the allegations in the complaint relate to conduct by Kilpatrick and the County that could be harmful, not only to Plaintiff individually, but also to the entire community. The public has an interest in the expeditious resolution of claims concerning the government's abuse of power and violation of core rights. If the Court were to stay this case, the public interest could potentially be harmed. Thus, this factor weighs against staying the case.

## IV. Conclusion

Taken together, the balance of interests weighs against granting the motion to stay the case in its entirety or to stay discovery against Kilpatrick only. Accordingly, it is hereby **ORDERED** that:

1. Defendant Kilpatrick's Motion to Stay [Doc. 47] is **DENIED** without prejudice to refiling. The parties are expected to conduct discovery by the amended discovery deadline set forth below, provided that Defendant Kilpatrick shall not be deposed prior to June 21, 2021 (except by his consent), and further provided that Defendant shall not be precluded from filing another motion to stay discovery if then-existing circumstances may merit such a stay.

2. The Amended Case Management Requirements and Scheduling Order [Doc. 44] is **AMENDED** to provide that the Fact Discovery Cutoff shall be extended from April 23, 2021 to **July 30, 2021**. All other scheduling deadlines and instructions contained in the Amended Case Management Requirements and Scheduling Order [Doc. 44] shall remain in full force and effect.

3. The motion for a status conference regarding discovery [Doc. 51] is **DENIED** as moot.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE